UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SCOTT LYNN BALLERING,

    Plaintiff,

v.                                          Case No. 24-cv-1505-pp

THRIVENT FINANCIAL SERVICES, INC.,

    Defendant.

**ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND DENYING PLAINTIFF'S AMENDED MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4)**

On November 20, 2024, the plaintiff—who is representing himself—filed a complaint alleging that the defendant unlawfully withheld portions of the death benefits it owed the plaintiff after his father's death. Dkt. No. 1. The same day, the court received from the plaintiff a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2. Several days later, on November 26, 2024, the court received from the plaintiff an amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 4. The plaintiff's original motion, dkt. no. 2, was superseded and rendered moot by the amended motion, dkt. no. 4. This order assesses the amended motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

1

Based on the information in the amended motion, the court finds that the plaintiff has the ability to pay the filing fee and will deny the amended motion.

## I. Legal Standard

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]"). As the Seventh Circuit Court of Appeals has explained, "[p]roceeding [without prepaying the filing fee] is a privilege, and courts depend on the plaintiff's honesty in assessing her ability to pay." Lofton v. SP Plus Corp., 578 F. App'x 603, 604 (7th Cir. 2014); see also Chung v. Dushane, No. 03 C 5955, 2003 WL 22902561, at *2 (N.D. Ill. Dec. 9, 2003) ("The opportunity to proceed [without prepaying the filing fee] is a privilege provided for the benefit of indigent persons and the court system depends upon the honesty and forthrightness of applicants to ensure that the privilege is not abused.").

## II. The Amended Motion

In his signed amended motion for leave to proceed without prepaying the filing fee, the plaintiff attests that he is not married and has no dependents. Dkt. No. 4 at 1, 4. The plaintiff asserts that he is not employed, but also

2

Case 2:24-cv-01505-PP   Filed 12/27/24   Page 2 of 4   Document 6

represents that he receives $4,000 in "total monthly wages or salary" from "landmark credit union." Id. at 2. The plaintiff says that he receives "about" $556 "monthly" from his "GE Pension." Id. The plaintiff lists the following monthly expenses: $1,700 in rent, about $2,300 in credit card payments,[1] $89 in cell phone payments, $400 in food and $100 in "Auto Ins + Renter + Umbrella." Id. at 2-3. The plaintiff says his total monthly expenses are "about $1700 – 3300." Id. at 3.

The plaintiff reports that he has $1,250,000 in "cash or checking, savings, or other similar accounts." Id. at 3. The plaintiff states that he owns a 2016 Jeep Grand Cherokee valued at approximately $20,000. Id. He reports that he does not "own any other property of value, such as real estate, stocks, bonds, trusts, or individual retirement accounts (e.g., IRA, 401K), artwork, or jewelry[.]" Id. at 4. Finally, under "other circumstances," the plaintiff writes, "Living in hotels due to illegal eviction for the second time for over a year now in two different states caused by illegal operations in two county courts under false claims." Id.

### III. Analysis

The plaintiff's reported monthly income (approximately $4,556) exceeds his estimated monthly expenses ("about $1700 – 3300") by approximately $1,256 to $2,856. Id. at 2-3. More notably, the plaintiff reports that he has over one million dollars in "cash or checking, savings, or other similar accounts." Id.

---

[1] The plaintiff says that his credit card payment "varies" each month. Dkt. No. 4 at 3.

The plaintiff can pay the $405 filing fee. The court will deny the plaintiff's amended motion for leave to proceed without prepaying the filing fee.[2]

## IV. Conclusion

The court **DENIES AS MOOT** the plaintiff's original motion for leave to proceed without paying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's amended motion for leave to proceed without paying the filing fee. Dkt. No. 4. The court **ORDERS** that by the end of the day on **January 10, 2025**, the plaintiff must pay the $405 filing fee. The plaintiff must pay the $405 filing fee in time for the court to *receive* it by the end of the day on January 10, 2025. If the court does not receive the full filing fee by the end of the day on January 10, 2025, the court will dismiss the case on the following business day without further notice or hearing for failure to pay the required filing fee.

Dated in Milwaukee, Wisconsin this 27th day of December, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

---

[2] Even when a court grants a motion for leave to proceed without prepaying the filing fee, a plaintiff still is responsible for paying the filing fee over time. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without prepayment of fees,' but *not without ever* paying fees." (emphasis added)). When a court grants a motion allowing a person to proceed without prepaying the filing fee, it means only that the person does not have to pay the full filing fee up front; the person still owes the filing fee.